### UNITED STATES of America
### v.
### Robert W. ROWBOTHAM.
### CR 76–266–T.

United States District Court,
D. Massachusetts.

April 28, 1977.

Thomas F. Heffernon, Boston, Mass., for defendant.

## MEMORANDUM

TAURO, District Judge.

Defendant was indicted on June 28, 1976, with five others, on one count of conspiring to distribute a quantity of marijuana and hashish, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. He has filed a motion to dismiss the indictment against him under Fed.R.Crim.P. 48(b), on the grounds that the Government has failed to prosecute the action against him, and that its actions constitute unreasonable de-

lay. For the reasons stated herein, the court grants his motion.

## I

The facts relevant to this motion were related by plaintiff's counsel, and corroborated by the Assistant United States Attorney at a hearing on February 23, 1977. Additional information was provided by the Assistant United States Attorney in a memorandum to the court dated March 16, 1977.

Prior to the instant indictment, defendant had been in the custody of Canadian authorities as a result of several criminal charges pending against him there. The United States has not sought his extradition, nor has it expressed any intent to do so. Defendant has not appeared before a judicial officer of this district for an arraignment, or for any other purpose, since issuance of the indictment. He has been willing at all times to come to this country, and his counsel has initiated negotiations with the Canadian authorities to that end. The defendant is no longer incarcerated in Canada, having been released on $55,000 bail, subject to travel restrictions. The Canadian authorities are unwilling to permit him to travel to this country, even in the custody of his attorney.

The defendant is presently on trial in Brampton, Ontario, Canada, concerning charges involving one ton of marijuana. It is estimated that the trial will continue for two to three more months. Upon conclusion of that trial, he faces criminal narcotics charges in Barrie, Ontario, and then other criminal charges in Vancouver, British Columbia. Defendant's counsel predicted that the defendant will receive a fifteen year prison term, if he is convicted in the trial now in progress.

The events underlying the indictment in this case include incidents which occurred in 1972. Defendant contends that, while it would be difficult now to defend against these charges, it will be almost impossible to do so should more time pass before trial. In particular, he states that the passage of time is jeopardizing the availability of evidence that could be used to impeach the Government's chief witness.

On January 25, 1977, this court held a change of plea hearing for the co-defendants in this case. Prior to that time, the only action taken by the Government regarding the extradition of the defendant was an informal contact by an agent of the Drug Enforcement Agency with Canadian authorities regarding defendant's status. Since that hearing, the United States Attorney has determined that it is State Department policy not to entertain extradition proceedings against a person while criminal charges are pending against him in another country. No formal memoranda were exchanged between the Department of Justice and the State Department on this matter. The court does not know what consideration, if any, is given by the Government to the speedy trial rights of those who find themselves in the position of this defendant.

## II

The court's power to dismiss under Rule 48(b) is not limited to those situations in which the defendant's sixth amendment right to a speedy trial has been violated. *United States v. Correia,* 531 F.2d 1095, 1099 (1st Cir. 1976); *United States v. De-Leo,* 422 F.2d 487, 495 (1st Cir. 1970), *cert. den.,* 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970); *United States v. Cartano,* 420 F.2d 362, 363 (1st Cir. 1970), *cert. den.,* 397 U.S. 1054, 90 S.Ct. 1398, 25 L.Ed.2d 671 (1970). The Rule "is a restatement of the inherent power of the court to dismiss a case for want of prosecution." *United States v. Correia, supra;* Advisory Committee Note to Rule 48(b) in 8B Moore's Federal Practice ¶ 48.03(1), at 48–11 (2d ed. 1976). The Rule imposes a stricter standard of tolerable delay than does the sixth amendment. *United States v. Cartano, supra.* Consequently, it may be proper for a court to exercise its discretion to dismiss an indictment under Rule 48(b) even though the unreasonable delay in prosecuting does not rise to a constitutional violation. 8B Moore's Federal Practice ¶ 48.-03(1) at 48–17 (2d ed. 1976).

In determining whether to exercise its discretionary power to dismiss under Rule 48(b), the court may consider the same factors relevant to a constitutional decision regarding denial of a speedy trial. *United States v. Judge,* 425 F.Supp. 499 at 503 (D.Mass.1976); *United States v. Dowl,* 394 F.Supp. 1250 (D.Minn.1975). In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), the Supreme Court identified four factors that should be considered in determining whether a defendant has been deprived of his right to a speedy trial: 1) the length of delay, 2) the reason for the delay, 3) the defendant's assertion of his right, and 4) prejudice to the defendant. *Id.* at 530, 92 S.Ct. 2182.

*Length of delay:* Eight months have passed since defendant's indictment. He has yet to appear before a judicial officer of this court, for any purpose,[1] and there is no prospect that he will do so in the foreseeable future. The Government has not predicted when defendant will be available for any criminal process in the United States. Instead, the Government suggests that the court leave things as they are until June of 1977—one year after issuance of the indictment—and then reconsider defendant's claim. Consideration of prospective delay is appropriate under Rule 48(b). *United States v. Correia, supra,* 531 F.2d at 1099. Here, the defendant faces near certain delay of at least one year before even being arraigned in the United States. Once arraigned, the limits of the Speedy Trial Act would govern the scheduling of his trial. 18 U.S.C. §§ 3161 *et seq.*

*Reason for the delay:* The defendant's trial has been delayed for two reasons. First, the defendant is in the custody of Canadian officials. Second, the Government has not sought to extradite the defendant. Certainly, defendant's unavailability for trial has not been voluntary. To the contrary, his counsel has endeavored to secure his presence here.[2]

The Government's responsibility is to make a "diligent good faith effort" to bring the defendant to trial. *Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Smith v. Hooey,* 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). In this case, no effort has been made by the Government to return the defendant here for judicial process. The international policy of the Government is to refuse to seek extradition of those who face criminal charges in other countries. This is a political policy judgment not subject to judicial review or revision. But the consequences of such a political decision are subject to judicial action when they affect directly the orderly administration of the court's business. That Canada may not honor an extradition request is no excuse for failing to make one. "The possibility of a refusal is not the equivalent of asking and receiving a rebuff." *Smith v. Hooey, supra,* 393 U.S. at 382, 89 S.Ct. at 579.

*Defendant's assertion of his right.* The defendant formally moved to dismiss the complaint against him on the basis of dilatory prosecution on February 18, 1977, eight months after the indictment issued. This was not, however, the first attempt made by the defendant to secure his own presence in this court. Defendant's counsel has engaged in negotiations with the Canadian officials to enable the defendant to be arraigned here. This represents an adequate assertion of his right to a speedy trial.

*Prejudice to the defendant.* Defendant's counsel asserts, and this court accepts, that further delay will make it more difficult to present impeaching evidence against the chief Government witness.[3]

---

1. Had defendant appeared before a judicial officer of this district, he would now be subject to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.,* requiring that he be tried within strict time limits. Prior to such an appearance, the Act's provisions are not applicable. 18 U.S.C. § 3161(c); United States District Court, District of Massachusetts, Plan for

Prompt Disposition of Criminal Cases, § III. 4.(a) at III–3 (1976).

2. See p. 1256, *supra.*

3. In *Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973) the Supreme Court stated that proof of prejudice to a defendant's case is not essential to a successful speedy trial claim under the sixth amendment.

The court concludes that it is appropriate to exercise its discretion under Rule 48(b) to dismiss the indictment against this defendant. The defendant's motion is granted. An order will issue.