UNITED STATES of America

v.

**Walter ESPOSITO, Appellant.**

**No. 91–5815.**

United States Court of Appeals,
Third Circuit.

Argued May 8, 1992.

Decided June 11, 1992.

David A. Ruhnke (argued), Ruhnke & Barrett, West Orange, N.J., for appellant.

Edna B. Axelrod (argued), Office of U.S. Atty., Newark, N.J., for appellee.

Before: BECKER, NYGAARD and ROTH, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Walter Esposito appeals his conviction of narcotics offenses under 21 USC § 841(a)(1). The sole issue on appeal is: Because the government listed certain substantive drug offenses as predicate acts in Esposito's earlier RICO trial in which a jury acquitted him, does the second indictment for offenses based on the same drug transactions that supported the RICO predicate acts constitute a vindictive prosecution which deprives Esposito of his due process rights under the Fifth Amend-

ment? The district court held that it did not. We will affirm.

## I.

In 1985, Esposito and numerous other codefendants were indicted for racketeering and various related offenses, including loansharking, illegal gambling, credit card fraud and drug dealing. Esposito was charged with four counts in the indictment. Count One charged him with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 USC § 1962(d). Count Two charged him with participating in a racketeering enterprise, 18 USC § 1962(c). The indictment listed as predicate acts: participating in a drug distribution conspiracy from 1977 to July 1985; cocaine distribution in November 1984; cocaine distribution in December 1984; and cocaine distribution in January 1985. Count Three charged him with conspiracy to distribute and possess with intent to distribute illegal drugs, 21 USC § 846. Count Four charged him with distribution of cocaine in November 1984, 21 USC § 841(a)(1) and 18 USC § 2.

Esposito and his codefendants pleaded not guilty. In August 1988, all defendants, including Esposito, were acquitted by a jury in *United States v. Accetturo*, Cr No 85–292, DNJ. But because the jury found Esposito not guilty of the overall RICO charge, the jury did not answer any special interrogatories as to whether he had committed the specific predicate acts charged against him.

In February 1989, a federal grand jury returned an indictment against Esposito in three counts of knowingly and intentionally distributing cocaine in violation of 21 USC § 841(a)(1) on three separate dates: on or about December 5, 1984; on or about December 20, 1984; and on or about January 9, 1985. The government concedes that these counts were based on the same transactions that supported the predicate acts under Count Two of the earlier *Accetturo* indictment.

Esposito was arraigned and entered a plea of not guilty. He then filed a motion to dismiss this second indictment, alleging that the indictment violated his right to be free from double jeopardy under the Fifth Amendment and that the second indictment constituted a vindictive prosecution in violation of due process. The district court denied the motion, *United States v. Esposito*, 726 F.Supp. 991 (D.N.J.1989), and Esposito appealed. We affirmed the district court's denial of the motion, holding that substantive narcotics offenses listed as predicate acts of the RICO charge in which Esposito was acquitted were not the same offense as the RICO charge for the purpose of double jeopardy. *United States v. Esposito*, 912 F.2d 60, 67 (3d Cir.1990) (*Esposito I*). Because the district court's decision concerning the vindictive prosecution issue was not a final order, we left open the question "whether this scenario may present a situation of prosecutorial vindictiveness or overreaching so severe that it violates the Due Process Clause." *Id.* at 67.

Esposito appeared before the district court to waive his right to a jury trial. Furthermore, he stipulated to the facts underlying the charges of the indictment, permitting the district court to base its verdict upon those facts. Esposito decided to forego a jury trial because in view of the overwhelming evidence he "believe[d] a jury would, in fact, very quickly find [him] guilty of these charge." The district court found Esposito guilty of the charged drug offenses. Esposito appeals, contending that the second indictment constituted a vindictive prosecution by the government and thus violated his due process rights under the Fifth Amendment.

## II.

■ The issue of whether a prosecutor's decision to indict is vindictive, if it is based on charges that formed the operative facts from a case in which the defendant was acquitted, is new before this court.[1] We

---

**1.** Where the new or additional charges were not known to a prosecutor at the time of an original

trial or where the circumstances have changed, the presumption of vindictiveness does not ap-

review the district court's finding of facts for clear error and exercise plenary review over its application of legal precepts. *United States v. Schoolcraft*, 879 F.2d 64, 67 (3d Cir.1989).

Esposito contends that the circumstances here give rise to an inference and a presumption of vindictive prosecution. Specifically, he suggests that "where new charges arise out of the same factual setting as [a prior] prosecution, a presumption of vindictiveness is established." Esposito Br 14. We disagree.

The district court found, and Esposito concedes, that the government did not harbor a personal vindictiveness towards him. 726 F.Supp. at 1000. The lack of actual vindictiveness, however, does not preclude a due process claim, for "due process also requires that a defendant be freed of apprehension of such a retaliatory motivation." *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). In such cases, we may reverse the defendant's conviction only if we apply a presumption of vindictiveness, which would then be applicable to all cases. *United States v. Goodwin*, 457 U.S. 368, 380, 102 S.Ct. 2485, 2492, 73 L.Ed.2d 74 (1982). A presumption of vindictiveness "may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct." *Id.* at 2488. Since a presumption may produce harsh results for which society ultimately bears the burden, courts must be cautious in adopting it. See *Alabama v. Smith*, 490 U.S. 794, 797–801, 109 S.Ct. 2201, 2204–05, 104 L.Ed.2d 865 (1989). We will adopt such a presumption only in cases in which a reasonable likelihood of vindictiveness exists. *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Where there is no such reasonable likelihood, the burden is on the defendant to prove actual vindictiveness. See *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984).

■ The inquiry here is not whether there is a possibility that the defendant might be deterred from exercising a legal right, but whether the situation presents a reasonable likelihood of a danger that the State might be retaliating against the accused for lawfully exercising a right. *Goodwin*, 102 S.Ct. at 2493. So, for example, when a defendant has successfully attacked his first conviction, the court may not impose a more severe sentence upon the defendant after a new trial, unless it gives reasons based on objective information for doing so. *Pearce*, 89 S.Ct. at 2081. And, when a defendant asserts a statutory right to a trial de novo, the State may not substitute a more serious charge for the original one and thereby subject him to a significant increase in the potential period of incarceration. *Blackledge*, 94 S.Ct. at 2102–03.

In these situations, there is a reasonable likelihood of a danger that the State is punishing a defendant for asserting a legal right. To punish a person because he has done what the law plainly allows him to do is a violation of due process; for while an individual may certainly be punished for violating the law he may not be punished for exercising a right. *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1982).

Esposito contends that when the government returned a second indictment based on offenses for which it could have charged him in the first indictment, the government punished him for exercising his right to trial and thereby deterred his right to plead not guilty. Though his reasoning has superficial appeal given the sequence of events, a closer scrutiny shows it to be specious.

■ The evil that a presumption of vindictiveness seeks to eradicate is the threat of retaliation when an accused exercises a right in the course of the prosecution. Where, however, the prosecutor has done nothing to deter the exercise of one's right during the case or proceeding, and

ply. See for example, *United States v. Gallegos–Curiel*, 681 F.2d 1164, 1169 (9th Cir.1982) (more charges were filed in "routine course of prosecutorial review or as a result of continuing investigation").

the prosecution has come to a natural end, no presumption of vindictiveness applies. We glean support for this distinction in *Goodwin,* where the Supreme Court explained the basis for its decisions in *Pearce* and *Blackledge* to apply a presumption of vindictiveness:

> Both *Pearce* and *Blackledge* involved the defendant's exercise of a procedural right that caused a complete retrial after he had been once tried and convicted. The decisions in these cases reflect a recognition by the Court of the institutional bias inherent in the judicial system against the retrial of issues that have already been decided. The doctrines of *stare decisis,* res judicata, the law of the case, and double jeopardy all are based, at least in part, on that deep-seated bias. While none of these doctrines barred the retrials in *Pearce* and *Blackledge,* the same institutional pressure that supports them might also subconsciously motivate a vindictive prosecutorial or judicial response to a defendant's exercise of his right to obtain a retrial of a decided question.

102 S.Ct. at 2490. The Supreme Court's primary concern in *Pearce* and *Blackledge* was to allow the defendant to assert all legal rights, including the right to a retrial, in the course of a particular prosecution without the institutional bias against "retrials of issues that have already been decided" to affect the conduct of the prosecutor or judge.

■ Here the concerns underlying *Pearce* and *Blackledge* do not exist. Nothing the government did in the course of the first prosecution hindered or inhibited Esposito from exercising his rights. In exercising his right to plead innocent and to a jury trial, Esposito was acquitted of all charges. Esposito would have us attribute the prosecutor's subsequent prosecution as vindictive towards him for asserting his rights in an earlier case, but without showing any actual vindictiveness.

Esposito focuses on the fact that the charges for the second indictment came from the same nucleus of operative facts as the charges for the first indictment.

That is true. But that the charges could have been brought in the first case is inapposite. What is apposite is that when Esposito asserted his right in the first prosecution—a right that he feels he is being punished for—the prosecution did nothing to suggest any vindictiveness. The government did not try to punish him or to retaliate against him by seeking to add the extra drug charges to the RICO charges, thus "upping the ante." Instead, the government chose simply to prosecute him, and the jury chose to acquit him.

In *United States v. Martinez,* 785 F.2d 663 (9th Cir.1986), Martinez was acquitted in the District of Colorado on letter-bombing charges, and then was indicted in the District of Arizona with making false statements to federal officers in connection with an arrest for immigration offenses. The Court of Appeals for the Ninth Circuit held that this was not vindictive prosecution. *Id.* at 669. It concluded that Martinez could have exercised no right in the Colorado trial that would have affected the Arizona indictment to infer prosecutorial discretion. The court then said in dictum:

> Assuming, *arguendo,* that the sole motive for bringing the Arizona indictment was the Colorado acquittal ... such a motive should not raise the presumption of vindictiveness. It is a legitimate prosecutorial consideration.

*Id.* at 670. See *United States v. Allen,* 699 F.2d 453, 461 (9th Cir.1982) (no presumption when government bases its decision to prosecute on severity of sentence received in an unrelated prosecution).

■ When a State brings another indictment supported by evidence against a defendant after an acquittal, the acquittal is a legitimate prosecutorial consideration because the State is not levying punishment for a right exercised but rather for the crimes he committed.

> The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an im-

permissible response to noncriminal, protected activity.

*Goodwin,* 102 S.Ct. at 2488. Here the government's conduct may be attributable to its disappointment with the results of the first trial in which it expended a great amount of time and resources and in which the evidence against Esposito was overwhelming. But more important, as the government correctly notes, it did not react because Esposito invoked or exercised a constitutional right; he was simply acquitted by a jury. "No defendant will be deterred from exercising his right to go to trial because of fear that following an acquittal the prosecution may bring additional outstanding charges. Those charges exist and can be brought even if the defendant is convicted...." Gov Br 12. While the government's decision to bring a second indictment may have discouraged Esposito, it did not discourage him from asserting a retrial or any other right. The benefit Esposito received from his first acquittal is intact. And the alleged vindictive action was too far removed from the right he exercised for a presumption of vindictiveness to arise.

The Supreme Court has refused to prohibit seemingly retaliatory governmental conduct when that conduct is attributable to a legitimate reason. In *Pearce* the Court held that imposing a more severe sentence after a defendant exercised a right to appeal was invalid *unless* the judge gives objective reasons for such imposition of a heavier sentence. 89 S.Ct. at 2081. In *Smith* the Court refused to apply a presumption when the same judge imposes a greater penalty after trial than after an earlier guilty plea because the defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. 109 S.Ct. at 2205–06. See *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (no presumption when the increased sentence was imposed by the second court in a two-tier system that gave a defendant convicted of a misdemeanor in a lower court the right to trial de novo in a higher court); *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (no

presumption when a second jury, on retrial following a successful appeal, imposed a higher sentence than an earlier jury).

In *Goodwin* the Court allowed a prosecutor to threaten a defendant with felony charges if he did not plead guilty to a misdemeanor charge arising out of the same conduct. The Court emphasized, "It was not disputed that the additional charge was justified by the evidence, that the prosecutor was in possession of this evidence at the time the original indictment was obtained." 102 S.Ct. at 2491. Likewise, in *Bordenkircher* the Court allowed a prosecutor to carry out a threat made during plea negotiations to have the accused reindicted on more serious charges if he does not plead guilty to the offense with which he was originally charged. Again, the Court emphasized, "It is not disputed that the recidivist charge was fully justified by the evidence, that the prosecutor was in possession of this evidence at the time of the original indictment." 98 S.Ct. at 666.

And even if a presumption applies, the government may rebut it by proffering legitimate, objective reasons for its conduct. *United States v. Andrews,* 633 F.2d 449, 456 (6th Cir.1980); *Adamson v. Ricketts,* 865 F.2d 1011, 1019 (9th Cir.1988). See *Goodwin,* 102 S.Ct. at 2489 ("a presumption of vindictiveness [ ] may be overcome only by objective information in the record justifying the increased sentence").

Thus, where the government's conduct is attributable to legitimate reasons, we will not apply a presumption of vindictiveness (though defendant may still show actual vindictiveness). As the Court of Appeals for the Ninth Circuit remarked:

Our concern for the deterrence factor cannot, however, be used in all cases as a shield against the legitimate requirements of the justice system with respect to a particular defendant.... Nothing in *Blackledge* presumed to give the defendant a free ride for separate crimes he may have committed, or to prevent a prosecutor from bringing new charges as a result of changed or altered circumstances which properly bear on prosecutorial discretion.

*United States v. Griffin,* 617 F.2d 1342, 1348 (9th Cir.1980).

■ We will not apply a presumption of vindictiveness to a subsequent criminal case where the basis for that case is justified by the evidence and does not put the defendant twice in jeopardy. Such a presumption is tantamount to making an acquittal a waiver of criminal liability for conduct that arose from the operative facts of the first prosecution. It fashions a new constitutional rule that requires prosecutors to bring all possible charges in an indictment or forever hold their peace. But see *United States v. Oliver,* 787 F.2d 124, 126 (3d Cir.1986) (no prosecutorial vindictiveness where the prosecutor's decision to prosecute is based on the usual determinative factors). We reject such a proposition for it undermines lawful exercise of discretion as well as plain practicality.

Here the government explains that it chose not to indict for all possible crimes in the *Accetturo* trial because to do so would have made the trial unmanageable and would have possibly confused the jury. It decided to charge Esposito with only the RICO charges, which are often complicated and difficult to prove. The *Accetturo* indictment included sixty-five pages of charges against twenty defendants charging them with criminal conduct lasting years. Indeed the *Accetturo* trial lasted seventeen months, not counting jury selection, even though all available charges were not included in the indictment. In *Esposito I* we rejected Esposito's attempt to interpose "a constitutional requirement that the prosecution must include in a compound offense indictment all of the possible charges on substantive offenses arising out of each of the predicate offenses." 912 F.2d at 67. We recognized, "As a practical matter, this would make a RICO trial, which frequently is brought against multiple defendants and contains multiple counts, unwieldy." *Id.* In a multi-count, multi-defendant trial, the proliferation of charges that would result from bringing all possible charges against all defendants would not only lead to unmanageable complications and confusion, but would impede prosecutorial discretion.

In our criminal justice system, if the prosecutor has probable cause to believe a crime has been committed and that the accused committed it, the decision whether or not to prosecute and what charges to file generally rests within the prosecutor's broad discretion. "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as the selection is not based on unjustifiable standards such as race, sex, religion or other arbitrary classifications. *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). Here, the government was understandably disappointed with the results of the *Accetturo* prosecution. In view of the evidence that supported the conclusion that serious drug offenses were committed and that Esposito committed them, the government chose to indict him for them. These charges were not "trumped up" in the eleventh hour upon the exercise of his right; they were based on evidence gotten from a broad and sophisticated investigative effort to crack a large criminal conspiracy. Esposito concedes that the evidence was so strong that any "jury would ... very quickly find [him] guilty of those charges." Here, it was not only permissible, but in the public interest for the government to proceed with the second indictment. See *United States v. Fulford,* 825 F.2d 3, 9 (3d Cir.1987) (no prosecutorial vindictiveness where "the record demonstrates that [defendant] did commit an offense against the United States").

■ The Constitution does not prohibit a prosecutor from acting forthrightly in his dealings with criminal defendants. *Bordenkircher,* 98 S.Ct. at 669. "[A] mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule." *Goodwin,* 102 S.Ct. at 2494. The application of a presumption is limited to circumstances "where its objectives are thought most efficaciously served." *Smith,* 109 S.Ct. at 2205 (quoting *Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986)) (internal quotes omitted). Where a prosecutor's conduct is equally attributable to legitimate

reasons, a defendant must show actual vindictiveness for a presumption will not apply.

## III.

We hold that when the government chooses to indict a defendant on transactions that are the predicate acts of an earlier RICO charge in which he was acquitted, the government does not presumptively engage in vindictive prosecution. Because there was no showing of actual vindictiveness, we will affirm the conviction.