USCA1 Opinion

 

 December 30, 1994 [Not for Publication] [Not for Publication] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 94-1193 UNITED STATES, Appellee, v. RICHARD GUYON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Stephen J. Weymouth for appellant. ___________________ Kevin J. Cloherty, Assistant United States Attorney, with whom __________________ Donald K. Stern, United States Attorney, was on brief for appellee. _______________ ____________________ ____________________ STAHL, Circuit Judge. Defendant-appellant Richard STAHL, Circuit Judge. _____________ Guyon appeals his conviction for failure to appear at trial in violation of 18 U.S.C. 3146(a)(1). We affirm. I. I. __ BACKGROUND BACKGROUND __________ On June 27, 1991, on the fourth day of his trial on charges of bank fraud in the United States District Court for the District of Massachusetts, Guyon failed to appear. The district court issued a bench warrant for his arrest, and Guyon was apprehended approximately two weeks later in Idaho. Guyon's trial continued without his presence, he was convicted in absentia on the bank-fraud charges, and on __ ________ December 10, 1991, was sentenced to thirty-months imprisonment. His sentence included a two-level enhancement for obstruction of justice attributed primarily to a finding that Guyon had perjured himself and only incidently to Guyon's flight during trial. After his arrest in Idaho, Guyon faced additional bank-fraud charges in the United States District Court for the Eastern District of Virginia. On November 4, 1991, he was convicted on these charges and on January 24, 1992, he was sentenced to thirty-seven months imprisonment, to run concurrently with the sentence imposed in the Massachusetts bank-fraud case. The Virginia sentence also included a two- -2- 2 level enhancement for obstruction of justice due to Guyon's flight during the Massachusetts bank-fraud trial. On May 19, 1993, counsel was appointed to represent Guyon in his appeal of the Massachusetts bank-fraud conviction.1 Two days later, on May 21, 1993, nearly two years after his flight from the Massachusetts bank-fraud trial, the grand jury returned an indictment against Guyon for failure to appear at that trial in violation of 18 U.S.C. 3146(a)(1). Following the indictment, Guyon filed two separate motions, each entitled "Motion to Dismiss Indictment." The first sought dismissal on the grounds of unnecessary delay pursuant to Fed. R. Crim. P. 48(b) ("Rule 48(b)") and the due process clause of the Fifth Amendment, while the second relied on the ground of vindictive and malicious prosecution. After a hearing, the district court denied both motions, reasoning that "while the pre-indictment delay was unquestionably long and the government's justification for it weak," Guyon had nevertheless suffered no prejudice because of it. The court also held that a presumption of vindictive prosecution did not exist where the additional charges brought by the government were unrelated to the substance of the underlying (bank-fraud) charge.  ____________________ 1. This conviction was affirmed in United States v. Guyon, ______________ _____ 27 F.3d 723 (1st Cir. 1994). -3- 3 After a bench trial, Guyon was convicted on the failure to appear charge and was sentenced to three years probation with that sentence to commence after completion of the Virginia bank-fraud sentence, which Guyon was then serving. The sentence also provided that he was to spend the first six months of his probationary period at a Community Treatment Center ("CTC"). This appeal followed. II. II. ___ DISCUSSION DISCUSSION __________ Guyon now argues that the district court erred in denying his motions to dismiss on the grounds of (1) pre- indictment delay pursuant to Rule 48(b)2 and (2) vindictive prosecution. Guyon also claims that the district court erred in its application of the Sentencing Guidelines when determining his sentence for the failure-to-appear conviction. We address each argument in turn. A. Rule 48(b) ______________ The district court refused to dismiss the indictment based on pre-indictment delay because it reasoned that Guyon had not been prejudiced by that delay. When reviewing a court's refusal to dismiss pursuant to Rule 48(b), we note that it is within the discretion of the trial court to invoke this rule, and its decision "will be reversed  ____________________ 2. On appeal, Guyon does not pursue the argument that the delay violated his Fifth Amendment due process rights. -4- 4 only for abuse of discretion." United States v. Mitchell, _____________ ________ 723 F.2d 1040, 1050 (1st Cir. 1983). Guyon argues that the ruling of the district court amounted to an abuse of discretion in that he was, in fact, prejudiced by the timing of the failure-to-appear conviction and sentencing. He points out that his sentence for failure to appear includes six months at a CTC to commence after the completion of the Virginia bank-fraud sentence. He argues that this additional penalty exceeds the statutory maximum to which he is subject under the Sentencing Guidelines. Guyon also claims that had he been tried and sentenced without the inordinate ordered delay on the failure-to-appear charge, his sentence might have been imposed consecutively to the Massachusetts bank-fraud sentence and concurrently with the Virginia sentence. That result would have enabled Guyon to avoid the additional six months to be served at the CTC. We are not persuaded. Rule 48(b) allows a court to dismiss a case for failure to prosecute.3 A Rule 48(b) right attaches after a  ____________________ 3. Fed. R. Crim. P. 48(b) provides: By Court. If there is unnecessary delay By Court. in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint. -5- 5 defendant's arrest. United States v. Marion, 404 U.S. 307, ______________ ______ 319 (1971); see also United States v. McCoy, 977 F.2d 706, ___ ____ ______________ _____ 712 n.6 (1st Cir. 1992). When a court evaluates a claim of unnecessary delay pursuant to Rule 48(b), it may consider the length of and reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. United ______ States v. Rowbotham, 430 F. Supp. 1254, 1257 (D. Mass. 1977) ______ _________ (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). See also ______ ______ _____ ___ ____ United States v. Becker, 585 F.2d 703, 708 (4th Cir. 1978), _____________ ______ cert. denied, 439 U.S. 1080 (1979).  _____ ______ In this case, the district court found a long and essentially unjustified delay. However, in reaching its decision to deny the motion to dismiss, the district court found that "no witnesses have become unavailable or forgetful and the defendant has not spent and will not spend additional time in prison" due to the delay. Guyon argues prejudice because the Virginia bank- fraud sentence was already the maximum to which he was subject and the six months to be served at the CTC should not have been imposed as an additional penalty. However, this argument does not identify any prejudice stemming from the government's delay in returning an indictment against Guyon _____ for his failure to appear. It fails to show prejudice -6- 6 appropriate to a Rule 48(b) dismissal, but rather goes to whether the Sentencing Guidelines were properly applied.4 Guyon also argues that he was prejudiced by the delay because the court could have imposed the failure-to- appear sentence consecutively to the Massachusetts sentence instead of consecutively to the Virginia sentence. We find this argument unpersuasive because regardless of when the sentencing for failure to appear could have occurred, it was wholly within the discretion of the sentencing court to require that the failure-to-appear sentence commence after the Virginia bank-fraud sentence instead of after the Massachusetts sentence.5 Accordingly, we find that the district court did not abuse its discretion denying his motion to dismiss by holding that Guyon was not prejudiced by the delay.6 B. Vindictive Prosecution __________________________  ____________________ 4. We discuss the application of the Sentencing Guidelines at part C., infra. C. _____ 5. 18 U.S.C. 3146(b) mandates that the sentence for failure to appear be imposed consecutively to any other sentence being served. We also note that Guyon had been convicted in both districts before being sentenced in either. 6. Given the straightforward resolution of the prejudice claim, we need not decide whether Rule 48(b) applies to one who during the period of delay is being held on some other charge or sentence and not because of an arrest on the charge associated with the delay. Cf. Acha v. United States, 910 ___ ____ _____________ F.2d 28, 30 (1st Cir. 1990). -7- 7 The district court also refused to dismiss Guyon's indictment on the basis of vindictive and malicious prosecution. Because the facts are not in dispute, we review only the district court's conclusion of law that a presumption of vindictiveness does not exist. "Claimed errors of law are, of course, reviewed de novo." Williams v. __ ____ ________ Poulos, 11 F.3d 271, 278 (1st Cir. 1993). ______ Guyon has not provided any actual evidence of vindictiveness, but instead has attempted to "convince a court that the circumstances show there is a sufficient `likelihood of vindictiveness' to warrant a presumption of vindictiveness." United States v. Marrapese, 826 F.2d 145, _____________ _________ 147 (1st Cir.), cert. denied, 484 U.S. 944 (1987) (citation _____ ______ omitted). He alleges that the government inexplicably waited nearly two years to seek an indictment for failure to appear and then returned the indictment only two days after Guyon had secured counsel to appeal his Massachusetts bank-fraud conviction. Guyon argues that this turn of events created a presumption of vindictive prosecution and that the district court erred by not dismissing the indictment on that ground. We do not agree. We need not decide whether a presumption of vindictiveness can exist where the additional charge brought against a defendant is unrelated to the substance of the underlying offense because the facts of this case do not -8- 8 reflect a "reasonable likelihood of vindictiveness." While the factual setting of this case is unique, this Court and others have addressed the general issue of presumptions of prosecutorial vindictiveness and have taken a restrictive view as to the circumstances under which the presumption is warranted. See, e.g., United States v. Goodwin, 457 U.S. ___ ____ ______________ _______ 368, 382 n. 15 (1982) (presumption may not exist where "the only evidence [a defendant] is able to marshal in support of his allegation of vindictiveness is that the additional charge was brought at a point in time after his exercise of a protected right"); United States v. Esposito, 968 F.2d 300, _____________ ________ 306 (3rd Cir. 1992) (general rule that court "will not apply a presumption of vindictiveness to a subsequent criminal case where the basis for that case is justified by the evidence and does not put the defendant twice in jeopardy"); United ______ States v. Pimienta-Redondo, 874 F.2d 9, 13 (1st Cir.) ("the ______ ________________ presumption does not apply indiscriminately to all instances of detrimental action treading close upon the heels of a defendant's exercise of some legal right" and should not "serve to block a legitimate response to criminal conduct"), cert. denied, 493 U.S. 890 (1989); United States v. Guthrie, _____ ______ _____________ _______ 789 F.2d 356, 360 (5th Cir. 1986) (no presumption is created if any event should indicate that the prosecutor's decision is motivated by some purpose other than a vindictive desire to deter or punish appeals). -9- 9 Here, the prosecution did nothing out of the ordinary in bringing a failure-to-appear indictment against Guyon, an indictment clearly supported by the evidence. The single fact that the indictment was returned shortly after Guyon took steps to pursue an appeal of his bank-fraud conviction is simply not sufficient to establish a presumption of vindictiveness on the facts of this case. Accordingly, we find that, as a matter of law, the facts here do not support a presumption of vindictive prosecution. C. Sentencing ______________ Guyon argues that the district court erred when it sentenced him to a six-month period of confinement in a CTC, to begin after the sentence for the Virginia bank-fraud conviction. Guyon contends that because the thirty-seven month bank-fraud sentence is the maximum possible under the Sentencing Guidelines, no additional penalty for his failure to appear should have been imposed. He reasons that no sentence would be a "reasonable incremental punishment" under the circumstances and, alternatively, that the failure-to- appear conviction should be grouped with the bank-fraud offense for sentencing purposes. See U.S.S.G. 5G1.3 and ___ 2J1.6; United States v. Agoro, 996 F.2d 1288 (1st Cir. 1993). _____________ _____ We need not address the merits of these arguments. Instead, we resolve this issue by noting that Guyon's term at the CTC was scheduled to expire on (approximately) October -10- 10 31, 1994. Since Guyon is presumably no longer confined to the CTC, we therefore treat this issue as moot. See United ___ ______ States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991) (question ______ _______ of the propriety of defendant's incarceration as a result of his refusal to provide booking information is moot after defendant has provided the information and been released); United States v. Vachon, 869 F.2d 653, 656 (1st Cir. 1989) ______________ ______ (defendant's claim to pretrial release is moot after his conviction). For the reasons stated above, we affirm the judgment of the district court. Affirmed. Affirmed. _________ -11- 11