

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2007

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Williams" (2007). *2007 Decisions*. Paper 1647.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1647

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-4854

———

UNITED STATES OF AMERICA

v.

SHANNON WILLIAMS,
                                   Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00292)
District Judge: Hon. Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
January 19, 2007

Before: SLOVITER, RENDELL, and CUDAHY,* Circuit Judges

(Filed: February 8, 2007)

OPINION

———

CUDAHY, Circuit Judge.

Shannon Williams appeals his sentence, arguing both that the district court

---

*  Hon. Richard D. Cudahy, United States Senior Circuit
Judge for the United States Court of Appeals for the Seventh
Circuit, sitting by designation.

improperly imposed a sentence based on facts found by the court rather than a jury, and that the district court vindictively increased his sentence in retaliation for an earlier successful appeal. We affirm.

Because we write primarily for the parties, who are already aware of the circumstances of the case, we will set forth only those facts necessary to our decision. Williams entered a conditional guilty plea to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Because the district court found that Williams committed his crime after being convicted of, among other things, aggravated assault, the Sentencing Guidelines specified a base offense level of twenty. U.S.S.G. § 2K2.1(a)(4). The court also raised Williams's offense level by four because it found that he possessed the firearms in connection with another felony offense, possession of crack cocaine with intent to deliver it. *Id.* § 2K2.1(b)(5). Together with a three-level reduction for acceptance of responsibility, Williams had a total offense level of twenty-three, a criminal history category of III, and a Sentencing Guidelines range of forty-six to fifty-seven months in prison. On October 13, 2004, the district court sentenced Williams to fifty-four months in prison to run concurrently with a two-to-four year sentence he was at that time serving in state prison for possession of crack cocaine with intent to deliver it.

Williams appealed. Before the appeal was decided, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the mandatory Sentencing

Guidelines violated the Sixth Amendment by increasing the maximum sentence to which a defendant could be subjected on the basis of facts that were not charged in an indictment and admitted by the defendant or found by a jury to have been proven beyond a reasonable doubt, *id.* at 232-34. Relying on *United States v. Davis*, 407 F.3d 162, 165-66 (3d Cir. 2005) (en banc), we remanded Williams's case for resentencing under the now-advisory Sentencing Guidelines. *United States v. Williams*, 417 F.3d 373, 378 (3d Cir. 2005).

The district court resentenced Williams on October 25, 2005, applying the same enhancements and reductions as before. However, Williams was no longer serving his state sentence for crack possession. Although he had apparently not completed the sentence (indeed, he had only served seven months of a two-to-four year sentence), the state prison authorities had nonetheless released him to federal custody and he was "not now serving a state charge." (App. at 49-50.) The reason for this odd state of affairs was unclear–in fact, the court urged that "if anybody can figure out what the state is doing," that person should let the court know (*id.* at 50)–and remains unclear. At any rate, the court believed that there was no way to make a federal sentence run concurrently with a state sentence that was not being served, so instead of specifying that Williams's federal sentence should run concurrently with another sentence, it reduced Williams's sentence seven months for the time he had already served in state prison pursuant to U.S.S.G. § 5G1.3(b)(1). (App. at 56.) The court therefore sentenced Williams to forty-seven months

in prison.

Williams now appeals his sentence again. He urges, first, that the district court improperly imposed his sentence on the basis of facts that were not charged in an indictment and either admitted by him or found by a jury beyond a reasonable doubt, and second, that the district court vindictively failed to specify that his sentence would run concurrently with his state sentence for crack possession. The first argument, that the facts used to enhance his sentence had to be found by a jury, misunderstands post-*Booker* federal sentencing. The *Booker* Court held that the Sixth Amendment required any facts that increased a defendant's possible maximum sentence to be both charged in an indictment and either admitted by the defendant or proved to a jury beyond a reasonable doubt, and also that mandatory application of the Sentencing Guidelines violated the Sixth Amendment. *Booker*, 543 U.S. at 232-234. However, the remedy *Booker* ordered was not that all factfinding be subject to Sixth Amendment procedures, but rather that the Sentencing Guidelines should not bind the district courts and hence should no longer determine the maximum sentence for Sixth Amendment purposes. *See id.* at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."); *id.* at 258-60 (severing from the Sentencing Reform Act 18 U.S.C. §§ 3553(b)(1) and 3742(e), the provisions that made the Sentencing Guidelines mandatory). The district court knew that

4

the guidelines were no longer binding upon it when it sentenced Williams (*see* App. at 43-44, 47), and consequently the judicial factfinding did not violate the Sixth Amendment.

This leaves Williams's second argument, that the district court's decision not to specify that his sentence was to run concurrently with any other sentence was made vindictively, in retaliation for his successful appeal of his previous sentence. The Due Process Clause forbids courts to deliberately punish a successful appeal by imposing a harsher sentence after remand. *Alabama v. Smith*, 490 U.S. 794, 798 (1989), *citing North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). The key issue is the court's motive. *United States v. Esposito*, 968 F.2d 300, 303 (3d Cir. 1992). It is presumed that a retaliatory motive underlies an increased sentence where there is a reasonable likelihood that the increased sentence was vindictively imposed; the presumption is rebutted if a court offers objective reasons for the sentence. *Pearce,* 395 U.S. at 726; *Esposito*, 968 F.2d at 305. In other situations, no presumption applies and the defendant must present affirmative evidence that her sentence was imposed in retaliation for a successful appeal. *Smith*, 490 U.S. at 799-800; *Esposito*, 968 F.2d at 305.

Williams has not argued why we should presume vindictiveness in the present case, but even if we were to do so the district court rebutted any presumption by explaining that although it did not want to impose a consecutive sentence it believed that Williams's release from state custody precluded a concurrent sentence. (App. at 49-52.)

Even if the court's understanding of the conditions under which it could impose concurrent sentences was legally erroneous (a question which we do not decide),[1] the reasons it offered for its choice of sentence were objectively reasonable and free of vindictive motive. Indeed, since the state has surrendered custody of Williams, the consecutive sentence has not yet even injured Williams, and may turn out to be completely harmless.[2]

The sentence is affirmed.

---

[1]It is unclear whether the district court could have imposed a concurrent sentence. Federal statutes permit courts to specify a concurrent or consecutive sentence "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). The Circuits are split on whether this statute prevents the imposition of a sentence consecutive to a state sentence where the state sentence has yet to be imposed. *See United States v. Andrews*, 330 F.3d 1305, 1306-07 (11th Cir. 2003) (collecting cases). At any rate, Williams did not raise the permissibility of a concurrent sentence either below or in this court.

[2]Williams may fear that the state prison authorities released him in order to prevent federal prison authorities from crediting him for time served on his state sentence. If that is happening, there may ultimately be little the federal government can do about it, given the criminal law principle of dual sovereignty. *Cf. Taylor v. Sawyer*, 284 F.3d 1143, 1151 (9th Cir. 2002). But Williams can still seek to have state prison authorities credit his federal time served against his state sentence, and if the state prison authorities reacquire custody of Williams before he has completed his federal sentence Williams could arguably ask the federal prison authorities to make his sentence effectively concurrent by designating the relevant state prison as the official federal detention facility. *See id.* at 1148-49, *citing* Bureau of Prisons Policy Statement § 5160.04; *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000), *citing* 18 U.S.C. § 3621(b).