NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-3693

_____


UNITED STATES OF AMERICA

v.

RAYMOND JONES,
                    *Appellant*


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-10-cr-00181-002)
District Judge:  Honorable William W. Caldwell


_____


Submitted Under Third Circuit LAR 34.1(a)
October 31, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Filed: November 1, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Raymond Jones appeals from his convictions in the District Court for distribution and possession with intent to distribute at least five grams of cocaine base, use of a communication facility to facilitate drug trafficking, and conspiracy to distribute and possess with intent to distribute at least five grams of cocaine base. Jones argues that the District Court erred by denying his motion to suppress and by denying his motion to dismiss for vindictive prosecution. We will affirm.[1]

## I.

## Background

Agent Kierzkowski of the Drug Enforcement Administration ("DEA") was investigating several individuals for crack cocaine distribution in Chambersburg, Pennsylvania. During the course of this investigation, he interviewed a confidential informant ("the informant") who had purchased crack cocaine from Jonathan Moore at least twice in May of 2010. Agent Kierzkowski learned that Moore had been traveling to Harrisburg to meet with a supply source for crack cocaine. The informant explained that a man named Dre drove Moore in a green-colored Chrysler to pick up crack cocaine from the source, who drove a cream-colored Toyota. The informant also told Agent Kierzkowski the day, time, and approximate location where he could find Moore to

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and this court has jurisdiction under 28 U.S.C. § 1291.

follow him to Harrisburg, where Moore would be purchasing crack cocaine from this source.

Based on that information, Agent Kierzkowski was able to locate Moore and establish a surveillance operation, which followed Moore as he rode in a green Chrysler driven by Andre McCallop through Chambersburg and into Harrisburg. During this operation, Agent Kierzkowski worked with Detective Todd Johnson of the Dauphin County Drug Task Force ("the Task Force") and Trooper Tony Todaro of the Pennsylvania State Police Interdiction Unit.

In Harrisburg, the green Chrysler parked and Moore got out of the vehicle. A cream-colored Toyota driven by Jones and containing one passenger parked nearby. Moore got into the Toyota, the Toyota circled the block, and Moore then exited. Based on their training and experience, Agent Kierzkowski and Detective Johnson believed they had witnessed a drug transaction. Moore got back into the Chrysler and both cars departed. Agent Kierzkowski maintained surveillance of the Chrysler and instructed the Task Force to maintain surveillance on the Toyota, which it did in collaboration with Harrisburg police. Based on their observations, the law enforcement officers decided to pull over the Toyota so that the officers could learn the identity of the individuals in the vehicle.

Detective Johnson was a few blocks away when the Harrisburg police stopped Jones' vehicle. The police learned that there were arrest warrants for both individuals, so Detective Johnson instructed the officers to arrest them. The officers searched the

individuals and put them in the back of the police van, and Detective Johnson drove up to the scene. After seeing what he suspected to be marijuana on the floor of the Toyota, he called for a K-9 to come to the scene. After the dog alerted to the vehicle, Detective Johnson impounded the car and applied for a search warrant. During the search of the vehicle, Detective Johnson found $262 in U.S. currency, $150 of which was made up of bills with serial numbers that matched bills that had been provided to the informant for a controlled purchase of drugs from Moore.

Jones was indicted on one count of manufacturing, distributing, and possessing with the intent to manufacture and distribute crack cocaine. He filed a motion to suppress the evidence discovered as a result of the stop, which was denied based on the District Court's holding that the officers had probable cause to stop the vehicle. The Government filed a superseding indictment, charging Jones with one count of distribution and possession with intent to distribute at least twenty-eight grams of cocaine base, use of a communication facility to facilitate drug trafficking, and conspiracy to distribute and possess with intent to distribute at least twenty-eight grams of cocaine base. Despite the fact that he was represented by counsel, Jones filed a *pro se* motion to dismiss for vindictive prosecution, which was never addressed by the District Court. Jones later filed a motion to proceed *pro se*, which he withdrew in court prior to trial. Jones was convicted on all three counts, but the jury found that the weight of the substance was less than twenty-eight grams.

4

## II.

## Discussion

Reviewing the District Court's factual findings for clear error and its legal determinations *de novo*, *United States v. Johnson*, 592 F.3d 442, 447 (3d Cir. 2010), we agree with the denial of Jones' motion to suppress because the stop of Jones' car was supported by probable cause. Much of the information provided to Agent Kierzkowski by the informant was verified throughout the course of the proceeding, and the officers personally observed what they believed to be a drug transaction. Based on these facts, it was reasonable for the officers to believe that an offense had been committed by the individuals in the vehicle. *See Rogers v. Powell*, 120 F.3d 446, 453 (3d Cir. 1997) ("[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.") (alteration in original, internal quotation marks and citation omitted). Even if the informant's tip and officers' corroborating observations only amounted to reasonable suspicion, that was a sufficient basis to stop the car; the subsequent events – the warrants, suspected marijuana and K-9 alert – constituted independent probable cause for the seizure and search.

We also hold that Jones' argument regarding his motion to dismiss for vindictive prosecution fails. Not only was the District Court entitled to disregard Jones' *pro se* motion when Jones had affirmed his desire to be represented by his trial counsel, *see*

5

*United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3d Cir. 2006), but the arguments contained within the motion are without merit.  *Cf. United States v. Esposito*, 968 F.2d 300, 306-07 (3d Cir. 1992) ("Where a prosecutor's conduct is equally attributable to legitimate reasons, a defendant must show actual vindictiveness [or] a presumption [of vindictiveness] will not apply.").

## III.

## Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.