NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3246
_____

UNITED STATES OF AMERICA

v.

FRANK PONDER,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-16-cr-00056-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 12, 2018

Before: AMBRO, JORDAN, and HARDIMAN, *Circuit Judges*.

(Opinion filed: June 21, 2018)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

After pleading guilty to distributing heroin, Frank Ponder was sentenced to 10 years' imprisonment. Ponder appeals his judgment of conviction and sentence on grounds of prosecutorial vindictiveness. We will affirm.

I

Ponder and his co-defendant, Marvin Poland, were indicted in March 2016 for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and distribution/possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The Government offered Ponder and Poland plea agreements on the condition that each plead guilty to the conspiracy charge. After Poland refused to do so, the Government withdrew its offer and the District Court scheduled the case for trial.

On May 2, 2017, 48 days before the trial was to begin, the Government informed Ponder and Poland that it intended to seek a superseding indictment expanding the scope of the conspiracy charge. The Government also told them it would be filing an information under 21 U.S.C. § 851 to establish their prior drug convictions, thereby increasing the applicable mandatory minimum terms of imprisonment in the event of a conviction. The Government filed the information six days later, and three days after that a grand jury returned a superseding indictment that extended the time period covered by the charged conspiracy and added a paragraph alleging that Ponder and Poland distributed heroin to unnamed dealers in the Williamsport, Pennsylvania, area. During the three days between the filing of the information and the superseding indictment, Ponder attempted to plead guilty to the conspiracy charge, but the District Court rejected his plea,

2

finding that "Ponder would not admit the factual basis underlying [the] plea," namely an agreement with Poland to distribute heroin. App. 94. Consequently, Ponder did not plead guilty to the distribution charge, and the hearing was terminated. The day after the grand jury returned the superseding indictment, Ponder requested a second change of plea hearing, which the District Court denied because Ponder had not changed his position on the facts necessary to support a guilty plea to the conspiracy charge.

Two weeks later, Ponder moved to dismiss the superseding indictment and § 851 information for prosecutorial vindictiveness. He claimed the Government filed them in retaliation for Poland's assertion of his constitutional right to a trial and for Ponder's refusal to admit to an agreement with Poland. The District Court denied Ponder's motion, and trial began as scheduled the following week. On the second day of trial, Ponder entered an open guilty plea to the distribution charge of the superseding indictment, which the District Court accepted. Ponder was acquitted of the conspiracy charge, and Poland was acquitted of both charges. Ponder timely appealed the District Court's judgment of conviction and sentence on the distribution charge.

## II[1]

"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *United States v. Goodwin*, 457 U.S. 368,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction lies under 28 U.S.C. § 1291. We review the District Court's factual determinations for clear error and its application of legal standards de novo. *United States v. Schoolcraft*, 879 F.2d 64, 67 (3d Cir. 1989).

372 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). "But in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Bordenkircher* 434 U.S. at 363. Unlike "a change in the charging decision made after an initial trial is completed," a pretrial decision to pursue enhanced charges does not automatically trigger a presumption of vindictiveness. *Goodwin*, 457 U.S. at 381; *see also United States v. Esposito*, 968 F.2d 300, 303 (3d Cir. 1992) ("We will adopt such a presumption only in cases in which a reasonable likelihood of vindictiveness exists.").

Ponder argues, as he did in the District Court, that the Government's decision to file a superseding indictment and § 851 information came "without warning and on the eve of trial," despite "the Government's knowledge of the relevant facts for 10 months." Ponder Br. 10, 13. According to Ponder, this timeline "demonstrates the appearance of a reasonable likelihood that the Government's conduct" was motivated by "Ponder's jury-vindicated refusal to implicate . . . Poland, and Poland's jury-vindicated refusal to plead guilty." Ponder Br. 17.

We agree with the District Court that this argument is meritless. As the Court recognized, the record belies Ponder's claim that the Government retaliated against him for refusing to implicate Poland. It was only after Ponder learned that the Government intended to file a superseding indictment and § 851 information that he requested the change of plea hearing at which he failed to name Poland as his co-conspirator, prompting the District Court to reject his plea.

Nor are we persuaded that the Government's conduct was reasonably likely to have been motivated by Poland's assertion of his trial rights. That the Government conditioned its plea agreement offer to Ponder on his co-defendant's acceptance does not mean that Ponder was not free to accept or reject its offer. And "the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *Goodwin*, 457 U.S. at 382–83. Ponder points only to timing to show vindictiveness. But Poland's assertion of his trial rights predated the Government's allegedly vindictive filings by more than nine months. And as the District Court observed, 48 days' notice can hardly be classified as "on the eve of trial." App. 99. At any rate, in the pretrial setting, where "the prosecutor's assessment of the proper extent of prosecution may not have crystallized," timing alone cannot support a vindictive prosecution claim. *Goodwin*, 457 U.S. at 381; *see also id.* at 380 ("An initial indictment—from which the prosecutor embarks on a course of plea negotiation—does not necessarily define the extent of the legitimate interest in prosecution.").[2]

---

[2] The cases Ponder cites are distinguishable. In *United States v. Picou*, the district court dismissed a superseding indictment containing additional charges filed shortly after the defendant's motion to dismiss his case was denied. 2015 WL 6163423, at *2 (E.D. Cal. Oct. 19, 2015). By contrast, the Government here sought no new charges—rather, it expanded the scope of an existing charge and established the defendants' prior convictions. And as noted, a significant period of time elapsed between Poland's assertion of his trial rights and the challenged filings. *United States v. LaDeau* is similarly inapposite. After the district court in that case granted the defendant's suppression motion, the prosecutor obtained a superseding indictment charging a more serious offense that, unlike the offense originally charged, carried a mandatory minimum term of imprisonment. 734 F.3d 561, 564–65 (6th Cir. 2013). The prosecutor in *LaDeau* also

\*     \*     \*

For the reasons stated, we will affirm the District Court's judgment.

---

filed the superseding indictment just five days before trial. Neither an elevated charge nor short notice is present here. *Id.* The last case Ponder cites, which predates the Supreme Court's decision in *Goodwin*, also involved a prosecutor seeking new charges. *See United States v. Richburg*, 478 F. Supp. 535, 546–47 (M.D. Tenn. 1979).