636 So.2d 1091 (1994)
STATE of Louisiana
v.
Anthony J. PALMER.
No. 93-KA-1027.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 1994.
*1092 Bruce G. Whittaker, Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Jeffery Hand, James Maxwell, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Before BOWES, WICKER and CANNELLA, JJ.
WICKER, Judge.
Anthony Palmer who was originally charged with first degree murder, La.R.S. 14:30, was tried by jury on the amended charge of second degree murder, La.R.S. 14:30.1. The jury returned a verdict of guilty of manslaughter, La.R.S. 14:31. He was ultimately sentenced as a multiple offender and given 36 years at hard labor without benefit of probation or suspension of sentence with credit for time served. Palmer challenges the multiple offender hearing and urges an errors patent review. We affirm the conviction and sentence.
Palmer contends he was not adequately advised of his rights by the trial court before he took the stand at the multiple bill hearing.
After Palmer was convicted of manslaughter the state filed a multiple offender bill of information.
After sentencing Palmer to twenty-one years at hard labor on the manslaughter conviction the trial judge conducted the arraignment on the multiple offender bill of information. Prior to asking for the defendant's plea, the trial judge informed him as follows:
Mr. Palmer, because of your prior convictions, the State has filed what is called an habitual offender violation against you. The statute requires that when they bring such a conviction it says, and I quote, "Whereupon the Court in which the subsequent conviction was had shall cause the person whether confined in prison or otherwise to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegations of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a date to inquire whether the offender has been convicted of a prior felony or felonies as set forth in the information. You might want to explain that to him as I'm reading this, Mr. Nolting. He can either admit, deny or remain silent.
The trial judge then read Palmer the allegations contained in the multiple offender bill. When the trial judge subsequently asked Palmer how he wished to plead to these allegations, defense counsel replied "He remains silent."
The multiple offender hearing was conducted on a later date. As its first witness, the state called Deputy Patricia Adams, employed by the Latent Prints Division of the Jefferson Parish Sheriff's Office, as an expert in the field of lifting, examination and identification of latent fingerprints.
She testified the fingerprints taken from the defendant on the day of the multiple offender hearing were the same as the fingerprints taken from the defendant on February 4, 1983, when he was convicted on 2 counts of simple battery, disturbing the peace and theft. They were also the same as those taken from the defendant on December 13, 1983, in connection with an armed robbery conviction. Adams testified that the fingerprints on these state exhibits all belonged to Palmer.
After Adams testified, the state introduced numerous exhibits into evidence. In addition to the fingerprint exhibits the state introduced a certified copy of the defendant's felony theft conviction in Jefferson Parish case number 83-791, a certified copy of Palmer's conviction for armed robbery in Jefferson Parish case number 84-253, and a certified copy of the transcript of the defendant's testimony at his trial which resulted in the manslaughter conviction in this case.
Defense counsel called the defendant to testify. With respect to the previous armed robbery conviction, the defendant testified about various deficiencies which he claimed existed in the armed robbery case. He *1093 further testified that his attorney coerced him to accept a plea agreement by threatening the defendant in indicating that he would get 99 years if the case went to trial. In connection with that plea, the defendant testified that his attorney did not explain his rights to him. He stated he did not understand his rights and that he was afraid.
The trial judge informed defense counsel that the court would not use the defendant's previous theft conviction as a predicate for the multiple bill.
After considering the evidence presented, the trial judge found the defendant to be a second felony offender, stating, in part, as follows:
Accordingly, I am satisfied that the [sic] Anthony Palmer's prints were contained thereon are the one and same Anthony Palmer who appears before me today. Further, even if I did not, I have his own testimony that he's one in the same Anthony Palmer, who, in fact, pled guilty to the armed robbery which forms the predicate for this multiple offender violation.
I am satisfied that accordingly the State has made its prima facia case and the sufficient proof to constitute this defendant as a second offender. I will not, in fact, find him to be a third offender. I will find him to be a second offender using the predicate offense of the armed robbery.
The defendant now complains that the trial court erred in conducting the multiple offender hearing without first advising him of his right to remain silent.
In State v. Washington, 563 So.2d 530, 533 (La.App. 5th Cir.1990) we held:
When a multiple offender bill of information is filed LSA-R.S. 15:529.1D provides that the trial court shall order the defendant to appear before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. LSA-R.S. 15:529.1 also implicitly requires that the court advise the defendant of his right to remain silent. [citation omitted].
However, we have also held in State v. Dearmas, 606 So.2d 567, 569 (La.App. 5th Cir.1992):
the failure of the trial court to advise the defendant of his right to a trial and to remain silent is harmless error where the multiple offender status is established by competent evidence offered by the State at the hearing, rather than by admission of the defendant. [citation omitted].
In the present case, the trial judge did not specifically advise the defendant of his right to remain silent at the habitual offender hearing. However, Palmer did not admit or stipulate to the allegations contained in the multiple offender bill. Instead, his multiple offender status was established by competent evidence offered by the state at a hearing. Through the testimony of Adams, the state proved that defendant was the same person who pled guilty to the armed robbery charge. The state also proved, through other exhibits that prior to pleading guilty to armed robbery Palmer was represented by counsel and was advised of his constitutional rights at the time of the prior plea.
Given these circumstances, where the defendant did not plead guilty to the multiple bill and the state was required to prove his multiple offender status by competent evidence, any error in the trial court's failure to advise the defendant of his right to remain silent is harmless.
Our review of the record reveals there are no errors patent.
Accordingly, for the reasons stated the defendant's conviction and sentence are affirmed.
AFFIRMED.