11 NORRIS, Judge,
dissenting.
I respectfully dissent. In our prior opinion in this case,[1] we found the State’s evidence of the predicate guilty plea (robbery, Prince George County, October 31,1980) insufficient for purposes of sentence enhancement under the habitual offender statute and the Supreme Court’s recent pronouncement in State v. Shelton, 92-3070 (La.7/1/93), 621 So.2d 769. The minute entry in question makes no mention that Stewart was represented by counsel or waived his Boykin rights. Shelton established a procedure for *109 proving prior felony convictions in an habitual offender proceeding that gives proper significance to the presumption of regularity which attaches to judgments of conviction that have become final:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. * * * If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects the colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. * * * We note that this new procedure will not only give appropriate significance to the presumption of regularity which attaches to judgments of conviction which have become final, but will also provide an advantage to defendants who were previously under [State v. Lewis, 367 So.2d 1155 (La.1979) ] unable to introduce any extra-record evidence and whose guilty pleas were heretofore under [State v. Tucker, 405 So.2d 506 (La.1981) ] found constitutionally valid by mere proof of a minute entry and a guilty plea form.
621 So.2d at 779-780 (footnotes omitted).
|2Thus, Shelton makes it abundantly clear that in order to take advantage of the presumption of regularity, the State must prove beyond a reasonable doubt, La.R.S. 15:529.1 D(l)(b), the existence of a prior guilty plea and that the defendant was represented by counsel when it was taken.
Here, the minute entry does not show defendant was represented by counsel when the guilty plea at issue was taken. In our previous opinion we properly reversed the habitual offender conviction and remanded the ease.
On remand, the State introduced the same documentary evidence as before but additionally called Autry Noblitt to testify. Noblitt testified he was the public defender for Prince George County from 1972 until his retirement in 1990, and normally handled 90 to 100 cases per year. He had absolutely no independent recollection of Stewart or his case. However, he stated that based on habit and court procedures he would have been there when defendant pled guilty. He therefore felt that he had been present for defendant’s guilty plea.
The trial court concluded Noblitt’s testimony was sufficient proof of representation of counsel; this court’s judgment, fortified by the resurrection of State v. Martin, 427 So.2d 1182 (La.1983), stamps its approval.
What did the State introduce on remand that constitutes proof beyond a reasonable doubt? There is no writing contemporaneous with the October 31, 1980 plea in Prince George’s County, Maryland, to show that the defendant was represented by counsel when he pled. Admittedly, the showing could be made by testimony reconstructing the plea; however, Mr. Noblitt testified only that he believed, on the strength of normal habit, that he was probably there when Stewart pled guilty. While this is some evidence of what happened, and perhaps might establish the presence of counsel by a preponderance of the evidence, the burden of proof is beyond a reasonable doubt. Ordinarily, a witness’s inability to state, firmly and certainly, that something happened, is insufficient to prove that fact | gbeyond a reasonable doubt. See State v. Chism, 22,881 (La.App. 2d Cir. 12/4/91), 591 So.2d 383. While one may wonder why the guilty plea colloquy was not introduced, and what it would have revealed, *110 I commend the State’s efforts to fill out the “silent” minute entry, and Mr. Noblitt’s honesty in testifying. However, I am constrained to find that the instant showing does not meet the requisite burden of proof. In fact, the record in this proceeding will show that this same defendant did, on another occasion, in the same court, purport to waive presence of counsel and plead guilty. See Exhibit S-8 (guilty plea of February 23, 1989).
I therefore cannot subscribe to the judgment’s casual analysis which, in effect, assumes what it seeks to prove; it utilizes the presumption of regularity to supplement Mr. Noblitt’s testimony, when that testimony was offered to establish the presumption. I would therefore set aside the adjudication, vacate the sentence, and remand the ease for further proceedings.
Before MARVIN, NORRIS, HIGHTOWER, CARAWAY and PEATROSS, JJ.

. 656 So.2d 677 (La.App. 2d Cir. 1995).