ON REHEARING
| iNORRIS, Judge,
on rehearing.
The issue in this case is whether the State proved a predicate offense sufficiently to adjudicate the defendant, Robert A. Stewart, a fourth felony offender. We find the State did not meet its burden of proof under La. R.S. 15:529.1D(l)(b) and State v. Shelton, 621 So.2d 769 (La.1993). We therefore set aside the adjudication, vacate the sentence and remand for resentencing.
■ A jury convicted Stewart of possession of cocaine in March 1993. The State later billed him as a recidivist; the District Court adjudicated him a fourth felony offender and sentenced him to 20 years at hard labor. On appeal, however, this court held that the District Court improperly considered two of th'e predicate offenses, in that the State failed to prove that the guilty pleas giving rise to those conviction's were made with representation of counsel. State v. Stewart, 27,049 (La.App. 2d Cir. 5/10/95), 656 So.2d 677, writ denied 95-1764 (La. 12/8/95), 664 So.2d 420.
On remand, the District Court held another recidivist hearing, again found Stewart to be a fourth felony offender, and sentenced him to 20 years at hard labor. Stewart again appeals, urging the record is still inadequate to prove he was represented by counsel when he pled guilty to robbery on October 31,1980 in Prince George’s County, Maryland.
At the instant hearing, the State introduced the same documents it had offered at the prior one: court minutes showing that on October 6,1980, a Mr. Autry Noblitt made an appearance as public defender in Stewart’s behalf, but not showing that he was present when Stewart actually pled guilty on October 31. The State also called Mr. Noblitt to testify. He stated that he was public defender for Prince George’s County from 1972 until his retirement in 1990, and normally handled 90 to 100 cases per year. He had no independent recollection of Stewart Lor his ease. However, he stated that based on his habit and court procedure, he would have been present when a defendant pled guilty. In fact, he was fairly certain the guilty plea could not have been taken unless he was present. He concluded that in his estimation, he was present for Stewart’s guilty plea. Supp., 15.
As noted, the District Court found that based on the testimony and evidence adduced, counsel was present for Stewart’s October 31, 1980 guilty plea; the court adjudicated him a fourth felony offender. It later sentenced him to 20 years at hard labor, the minimum allowed under R.S. 15:529.1A(l)(c)(i), and denied defense motions for reconsideration.
In the case of State v. Shelton, supra, the Supreme Court clarified the law regarding the burden of proof of predicate offenses in recidivist proceedings where the defendant challenges, in the trial court,[1] the sufficiency of that proof:
*111 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularly in the taking of the plea. * * * If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. * * * We note that this new ^procedure will not only give appropriate significance to the presumption of regularity which attaches to judgments of conviction which have become final, but will also provide an advantage to defendants who were previously under [State v. Lewis, 367 So.2d 1155 (La.1979) ] unable to introduce any extra-record evidence and whose guilty pleas were heretofore under [State v. Tucker, 405 So.2d 506 (La.1981) ] found constitutionally valid by mere proof of a minute entry and a guilty plea form. 621 So.2d at 779-780 (emphasis added, footnotes omitted).
Additionally, the State is required to prove any issue of fact beyond a reasonable doubt. La.R.S. 15:529.1D(l)(b).
Here the State did not offer any writing contemporaneous with the plea — court minutes or a transcript — showing that Stewart both gave the plea and was represented by counsel. State v. Shelton indicates that such a showing can be made from other sources, e.g., a signed rights waiver form, as in State v. Denomes, 95-1201 (La.App. 1st Cir. 5/10/96), 674 So.2d 465, or a defense motion contemporaneous with the plea, as in State v. Morris, 94-0553 (La.App. 4th Cir. 11/17/94), 645 So.2d 1295. The showing could even be made, as was attempted here, by the testimony of counsel.
What did Mr. Noblitt establish? With no independent recollection, he testified that because of normal habit, he was probably pres-' ent when Stewart- offéred the October 31, 1980 guilty plea. With deference to his normal practice, we would note that on at least one other occasion, this same defendant, in the same court, purported to waive counsel and plead guilty. See Exhibit S-8 (guilty plea of February 23, 1989). Mr. Noblitt’s testimony is some evidence of what occurred, and perhaps might establish the presence of counsel by a preponderance of the evidence. However, the State’s burden is beyond a reasonable doubt. Ordinarily, a witness’s inability to state, firmly and certainly, that something happened, is insufficient to prove that fact beyond a reasonable doubt. See State v. Chism, 22,881 (La.App. 2d Cir. 12/4/91), 591 So.2d 383.
|4In short, we are constrained to find that the evidence presented did not prove, beyond a reasonable doubt, the presence of counsel at the predicate guilty plea. Without this showing, the presumption of regularity conferred by State v. Shelton, supra, does not attach. State v. Stewart, at p. 6, 656 So.2d at 677; State v. Fleury, 545 So.2d 1208 (La.App. 4th Cir.1989).
We therefore conclude that the District Court erred in considering Stewart’s October 1980 conviction for robbery as a predicate for the habitual offender adjudication. The adjudication is set aside, the sentence vacated, and the case remanded for resentencing as a third felony offender.
Adjudication Set Aside, Sentence Vacated, Case Remanded.
*112 CARAWAY, J., dissents with written reasons.
PEATROSS, J., dissents from the majority opinion on rehearing for the reasons set forth in his concurrence to the original opinion.

. In the earlier case of State v. Martin, 427 So.2d 1182 (La. 1983), the. court held that when the predicate conviction is based on a guilty plea, the guilty plea is proved only by a minute entry which is silent as to whether counsel was present, and the defendant does not object at the trial of the multiple offender hearing, then a presumption of regularity attaches to that silent minute entry; the defendant cannot challenge it for the first time on appeal. However, we conclude that *111 State v. Shelton clarified the law, superseded State v. Martin, and regulates the instant case.