945 So.2d 946 (2006)
STATE of Louisiana, Appellee,
v.
Garry ZEIGLER, Sr., Appellant.
No. 41,617-KA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2006.
*947 Louisiana Appellate Project by James E. Beal, for Appellant.
Garry Zeigler, Sr., Pro se.
Jerry L. Jones, District Attorney, Robert N. Anderson, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and LOLLEY, JJ.
STEWART, J.
The defendant, Garry Zeigler, Sr., was convicted of distribution of cocaine. After remand from this court, defendant was sentenced as a third felony offender to life imprisonment without benefit of parole, probation, or suspension of sentence. The defendant now appeals the sentence. For the reasons that follow, we vacate the defendant's sentence and remand for re-sentencing in accordance with the instructions provided herein.

FACTS
A jury convicted Zeigler of distribution of cocaine, and the facts of the case are set out in this court's previous opinion, wherein it affirmed the conviction. See State v. Zeigler, 40,673 (La.App.2d Cir.01/25/06), 920 So.2d 949. The state filed a multiple bill alleging that defendant should be sentenced as a fourth felony offender based upon the following prior felony convictions: (1) two counts of simple burglary on June 22, 1977, in Docket No. 37,702; (2) distribution of cocaine, a Schedule II CDS, on January 16, 1992, in Docket No. 91F0877; and, (3) possession of cocaine, a Schedule II CDS, on January 26, 2000, in Docket No. 98F1617. The trial court refused to consider the 1977 conviction for simple burglary two counts on the ground that it could not insure defendant's due process rights had been protected in the absence of a transcript of the guilty plea colloquy. In accordance with La. R.S. 15:529.1(A)(1)(b)(i), the trial court sentenced defendant as a third felony offender to 25 years at hard labor, with credit for time served, without benefit of parole, probation or suspension of sentence.
The state argued on appeal that the trial court erred in refusing to consider the 1977 simple burglary convictions and in sentencing the defendant as a fourth felony offender to life imprisonment. This court deemed the issue to be moot because it found that the trial court committed an error patent when it did not sentence defendant under La. R.S. 15:529.1(A)(1)(b)(ii), which states the following:

If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. *948 when the victim is under the age of eighteen at the time of the commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (Emphasis added.)
State v. Zeigler, 920 So.2d at 957. This court found that defendant should have been sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence under La. R.S. 15:529.1(A)(1)(b)(ii) on the basis of the present conviction for distribution of cocaine and two prior felony convictions that were for violations of the Uniform Controlled Dangerous Substances Law and punishable by 10 years or more of imprisonment. State v. Zeigler, 920 So.2d at 957-958. In so doing, this court noted that defendant's two prior felony convictions were the 1991 conviction for distribution of cocaine and a conviction for possession of cocaine with intent to distribute committed on October 15, 1998. State v. Zeigler, supra. Both distribution of cocaine and possession of cocaine with the intent to distribute are offenses under the Uniform Controlled Dangerous Substances Law that are punishable by 10 years or more of imprisonment. La. R.S. 40:967(B)(4)(b). Thus, this court remanded the case to the trial court to re-sentence defendant to life imprisonment without benefit of parole, probation, or suspension of sentence in accordance with La. R.S. 15:529.1(A)(1)(b)(ii). The trial court subsequently sentenced defendant pursuant to this court's opinion.

DISCUSSION
Excessive Sentence
The defendant now argues that his sentence of life imprisonment without benefit of parole, probation, or suspension of sentence under La. R.S. 15:529.1(A)(1)(b)(ii) is illegal because not all three convictions under the Uniform Controlled Dangerous Substances Law were for offenses punishable by 10 years or more of imprisonment. Specifically, defendant alleges that he did not plead guilty to possession of cocaine with intent to distribute in 2000. Although he was originally charged with the offense of possession of cocaine with the intent to distribute, defendant alleges that he actually pled guilty to the lesser included offense of possession of cocaine. Under La. R.S. 40:967(C)(2), possession of cocaine, as a Schedule II controlled dangerous substance, is punishable by no more than 5 years imprisonment with or without hard labor. Defendant claims that the trial court's original sentence of 25 years at hard labor without benefit of probation or suspension of sentence under La. R.S. 15:529.1(A)(1)(b)(i) should be reinstated.
The habitual offender bill of information filed by the state indicates that defendant was convicted of possession of cocaine on January 26, 2000, in Docket# 98F1617. It does not indicate that the defendant was convicted of possession of cocaine with intent to distribute. The pre-sentence investigation report indicates that defendant was originally charged with possession of cocaine with intent to distribute, but that defendant actually pleaded guilty to possession of cocaine and was sentenced to 5 years. In the original sentencing hearing, the trial court noted that defendant had been charged with possession of cocaine with intent to distribute, but that defendant pleaded guilty to simple possession of cocaine. The court minutes from Ouachita *949 Parish Docket No. 98F-1617 indicate that the defendant pled guilty to possession of cocaine. A document from the Louisiana Department of Public Safety and Corrections indicates that the defendant was convicted of possession of cocaine. Also, Zeigler's rap sheet indicates that he was charged with possession of cocaine with intent to distribute, but that he pled guilty to the lesser offense of possession of cocaine. Thus, it appears that he was convicted of possession of cocaine instead of possession of cocaine with intent to distribute. Because possession of cocaine is not an offense punishable by imprisonment for ten years or more, the sentence under La. R.S. 15:529.1(A)(1)(b)(ii) is inappropriate in this case because not all three of defendant's offenses under the Uniform Controlled Dangerous Substances Law were punishable by imprisonment of ten years or more.
Therefore, this assignment has merit.
Habitual Offender Sentencing
Because the defendant should not have been sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence as a third felony offender under La. R.S. 15:529.1(A)(1)(b)(ii), this court must now consider the state's original argument that the trial court erred in refusing to consider defendant's 1977 conviction for simple burglary two counts and sentence him as a fourth felony offender.
After the defendant's conviction for distribution of cocaine, the state filed a bill of information charging him as a fourth felony offender based upon the following three prior felony convictions: (1) a 1977 conviction for simple burglary two counts, (2) a 1991 conviction for distribution of cocaine, and (3) a 1998 conviction for possession of cocaine. In his answer, defendant alleged two reasons why the 1977 conviction for simple burglary two counts should not be used against him for habitual offender sentencing: (1) that more than ten years had elapsed between the expiration of the maximum sentence for his 1977 conviction and the date of the subsequent offense and (2) that he was not properly advised of his Boykin rights when he pleaded guilty. The trial court conducted a hearing on the habitual offender bill, wherein the defendant maintained his objection to the use of the 1977 conviction because the Boykin was inadequate. The state presented the following evidence to prove the 1977 conviction for simple burglary two counts: (1) a certified copy of the bill of information charging defendant with four counts of simple burglary; (2) certified copy of the minutes for June 2, 1977, indicating that defendant was pleading guilty to two counts of simple burglary; (3) certified copy of the minutes for June 22, 1977, where the trial court sentenced the defendant to 30 months for each count of simple burglary; and, (4) booking fingerprints from when defendant was arrested for the four counts of simple burglary.
The defense stipulated to the authenticity of all of the above-listed documents, except for the identification of the fingerprints thereon as belonging to the defendant. The state was unable to produce a transcript of the guilty plea colloquy for the 1977 conviction. At the hearing, the state's evidence also included testimony of Deputy Renee Shaw of the Ouachita Parish Sheriff's Office, who was qualified as an expert in fingerprint analysis comparison of ink prints to ink prints. Shaw compared the defendant's September 9, 2003, booking fingerprints to the booking fingerprints from defendant's arrest for the 1977 convictions, and she determined that all of the fingerprints were made by the same person. The trial court took the matter under advisement and ordered both parties to submit briefs.
*950 On February 23, 2005, the trial court found the defendant to be a third felony habitual offender under La. R.S. 15:529.1(A)(1)(b)(i) and refused to consider the 1977 conviction for simple burglary for the following reasons:
The Court has deeply pondered this matter and finds that the following ruling is the most soundly based ruling in law and achieves justice. And this ruling relates to the question that the Court reserved and that is which among the three (3) prior convictions can be used for purpose of applying the habitual offender statute under the bill filed and sentencing Mr. Zeigler. And what the Court finds is this, the Supreme Court of our state has in many cases talked about the role of the Judge in criminal cases as it relates to due process. In one case, I believe, it was In Re: Lemoine, a judicial discipline case. The Court said that the highest duty of the Judge is to ensure that the due process rights of the defendant are preserved. And I believe that to be true. Accordingly, the Court finds the following: that while the minutes in case number 37,702 do not as the law was understood at that time have any defect as it relates to the question of compliance with Boykin, the absence of any colloquy to show this Court what was actually said back and forth between the parties causes the Court concern. Now, barely a week passes that this Court does not read into the record corrections to the minutes. Unfortunately, it has had to read in corrections to the minute of its own Court and not just from other courts. And in fact, did so just this week, corrections to the minutes. And unfortunately in one case during the twelve (12) years that this Court has been on the bench got turned around because the minutes said one thing but the colloquy showed something different.
And the colloquy showed that this Court has failed to tell a person who was sentenced of his right to a jury trial, simply told him of his right to a trial. Mistakes happen. And before this Court is going to sentence somebody to life in prison, it is going to have to be very sure that no mistake happened. I can't be sure without a colloquy in that case and I therefore will not use it in connection with this sentencing.
In accordance with La. R.S. 15:529.1 A(1)(b)(i), the trial court sentenced defendant to serve 25 years imprisonment at hard labor without benefit of probation or suspension of sentence.
The state argues that it met its burden for using the 1977 conviction to enhance defendant's sentence by proving the existence of the guilty plea and that the defendant was represented by counsel. The state argues that once the burden shifted to the defendant to produce some affirmative evidence showing infringement of his rights or a procedural irregularity in the taking of the plea, defendant failed to produce any such proof. (Emphasis added) The state compares the instant situation to that in State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977; and State v. O'Neal, 34,814 (La.App.2d Cir.10/12/01), 795 So.2d 1292. The state requests that this court correct the trial court's ruling and adjudicate the defendant to be a fourth felony habitual offender. Conversely, the defendant submits that the trial court's well-reasoned decision was within its sound discretion and should not be disturbed.
In State v. Shelton, 621 So.2d 769, 779-780 (La.1993), the Louisiana Supreme Court explained the process of proving prior felony convictions in habitual offender proceedings under La. R.S. 15:529.1:

*951 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (Footnotes omitted.)
The Louisiana Supreme Court found that it was appropriate to shift the burden to the defendant after the state makes the initial showing that the defendant made the guilty plea with the representation of counsel because there is a "presumption of regularity that attaches to final judgments." State v. Shelton, 621 So.2d at 778, citing Parke v. Raley, 506 U.S. 20, 31, 113 S.Ct. 517, 524, 121 L.Ed.2d 391 (1992).
In State v. O'Neal, 795 So.2d at 1296, this court found that the state met its burden of proof under Shelton, supra, when it presented a certified copy of a minute entry showing that the defendant was represented by counsel at the time of his guilty plea. The defendant alleged that there were defects in the taking of the plea, but presented no evidence to prove such an infringement or irregularity. State v. O'Neal, supra. In that case, the defendant relied upon this court's holding in State v. Jeffers, 623 So.2d 882 (La.App. 2d Cir.1993), wherein it found that the court minutes were not satisfactory to satisfy the state's burden of proving the prior offense due to it not showing an adequate waiver of the Boykin rights:
Where, however, as in this case, a prior conviction resulted from a guilty plea, the state must present a record made contemporaneously with the acceptance of that plea showing that defendant effectively waived his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Baker, 471 So.2d 945 (La.App. 2d Cir.1985); State v. Collins, 546 So.2d 1246 (La.App. 1st Cir.1989), writ denied, 558 So.2d 599 (La.1990). Although the prosecution here introduced certified copies of court minutes from both of the previous proceedings, those documents reveal only that "the court informed the defendant of his constitutional rights as per Boykin v. Alabama." This statement, standing alone, does not sufficiently demonstrate an explanation and waiver of defendant's constitutional rights. Accordingly, the presented minute entries do not suffice to meet the state's burden of proof. Cf. State v. Jones, 516 So.2d 396 (La.App. 5th Cir.1987).
State v. O'Neal, supra, citing State v. Jeffers, 623 So.2d at 889.
This court went on to note that, on rehearing, it distinguished the holding in State v. Jeffers from the supreme court's *952 holding in State v. Shelton based upon the specific circumstances of that case:
The state, in its application for rehearing, submits that our ruling is incorrect under the recent supreme court decision, State v. Shelton, 621 So.2d 769 (La.1993). We disagree.
It is true that Shelton broadly altered the previous burden-of-proof scheme in habitual offender adjudications.
Under that decision, the state will initially need only show the existence of the prior guilty plea and that counsel represented the defendant in that earlier proceeding. Thereafter, the defendant must produce some affirmative evidence of rights infringement or some procedural irregularity. Only when this is accomplished will the state be required to establish the constitutionality of the previous conviction.
Nevertheless, at the very inception of Jeffer's multiple offender hearing, the state voluntarily agreed to present the Boykin transcripts, without any demand or contention by the defense. Under these circumstances, the prosecution assumed the responsibility of offering admissible evidence, and Shelton's revised allocation of burdens does not control, even presupposing without deciding retroactivity.
State v. O'Neal, 795 So.2d at 1296-1297, citing State v. Jeffers, 623 So.2d at 891. Thus, in State v. O'Neal, this court distinguished its former opinion in State v. Jeffers from the Louisiana Supreme Court's holding in Shelton, supra, based upon the specific facts of that case. This court went on to find that the state met its burden under Shelton, supra, when it presented the certified copies of court minutes showing that the defendant was represented by counsel at the time of the guilty plea. State v. O'Neal, 795 So.2d at 1297. This court also found that this shifted the burden to the defendant to present affirmative evidence of his rights being infringed or an irregularity in the proceeding; because he was unable to present such evidence, this court found that it was appropriate for the trial court to use those convictions to enhance defendant's sentence under the habitual felony offender law. State v. O'Neal, supra.
This court recently reviewed a case factually similar to the present case in State v. Houston, 40,642 (La.App.2d Cir.03/10/06), 925 So.2d 690, 707, wherein the defendant argued that the state failed to meet its burden of proof under Shelton, supra, because the court minutes did not list the specific rights to which the appellant had been advised. The state had presented bills of information, from which a fingerprint expert confirmed that it contained the defendant's fingerprints, and the state presented certified copies of the minute entries showing that the defendant was represented by counsel when he pleaded guilty. State v. Houston, 925 So.2d at 708. Because the defendant presented no evidence showing any infringement on his rights or procedural irregularity in the proceedings, this court found that the burden to prove the constitutionality of the pleas did not shift back to the state. State v. Houston, supra. Therefore, this court found that the state met its burden of proof under Shelton, supra, so that defendant could be sentenced as a habitual offender. State v. Houston, supra.
The certified court minutes from defendant's guilty plea in his 1977 conviction for two counts of simple burglary indicated that defendant was represented by counsel and that the trial court conducted a Boykin colloquy:
Defendant present, represented by appointed counsel, Hon. Charles R. Blaylock. Defendant requested that his formerly *953 entered not guilty pleas to Counts II & IV be withdrawn and pled guilty as charged, the State agreeing that at the time of sentencing on Counts II & IV that Counts I & III would be dismissed and also agreed that the State would file no other charges against the defendant that at this time the State has knowledge of. Defendant was sworn and informed and interrogated by the Court, and he stated under oath that he also had conferred with counsel and was satisfied with representation; understood the charges; understood his right to confrontation and against self-incrimination; understood his right to trial by jury and waived same; understood his right to appeal had he maintained his not guilty plea and gone to trial and had been found guilty and waived same; realized that he was not obliged to plead guilty and that his plea was not influenced by any promises, persuasion or coercion on the part of others; knew the maximum penalty he faced and realized that the Court and no other person would determine his sentence (see record of interrogation). Defendant was further advised of his right to make bail if the sentence was five (5) years or less,and advised if the sentence was more than five (5) years, no bail allowed and advised that the Court would not permit him to make bail. Defendant stated that he understood. The Court found the plea to be intelligently and voluntarily entered and accepted same and remanded defendant for sentencing . . .
These court minutes clearly show that defendant was represented by counsel when he pleaded guilty to two counts of simple burglary in 1977. Therefore, the state met its burden of proof under Shelton, supra, and the burden shifted to the defendant to present affirmative evidence of an infringement of his rights or an irregularity in the proceedings.
Contrary to the trial court's ruling, the state did not bear the burden of proving the constitutionality of defendant's guilty plea because the defendant had not presented any evidence of an infringement or irregularity. As this court found in State v. Stewart, 27,049 (La.App.2d Cir.05/10/95), 656 So.2d 677, 682, the state's inability to present a transcript of the Boykin hearing is not evidence of an infringement or irregularity. To hold otherwise would contravene "the Shelton court's design for preserving the presumption of regularity in final judgments." State v. Stewart, supra. Therefore, in light of the defendant's failure to present any evidence of an infringement of his rights or irregularity in the proceedings, the state's presentation of certified court minutes showing that defendant was represented by counsel when he pleaded guilty to two counts of simple burglary in 1977 was sufficient to meet its burden under Shelton, supra. Thus, the trial court erred when it refused to sentence defendant as a fourth felony offender.
Further, this court takes notice of the trial court's stated hesitation to sentence defendant to life imprisonment as a fourth felony offender without a transcript of the plea colloquy. Although La. R.S. 15:529.1(A)(1)(c)(ii) removes the sentencing discretion from the trial court when the defendant is a fourth felony offender under certain circumstances, those circumstances do not apply to the defendant in this case:
(ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances *954 Law punishable by imprisonment for ten years or more, or any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Defendant's present conviction for distribution of cocaine, and his 1992 conviction for distribution of cocaine are both convictions under the Uniform Controlled Dangerous Substances Law which are punishable by more than ten years. La. R.S. 40:967(B)(4)(b). Defendant's conviction for possession of cocaine is not punishable by more than ten years and, therefore, does not qualify defendant for a life sentence under this subsection of La. R.S. 15:529.1. Defendant's conviction for simple burglary two counts does not qualify defendant for a life sentence under this subsection because at the time defendant committed the offense, the maximum penalty for simple burglary was nine years at hard labor. In Acts 1977, No. 133, § 1, the sentence for simple burglary was amended to "with or without hard labor, for not more than twelve years." However, that amendment was not effective until September 9, 1977, and the bill of information indicates that defendant committed his offenses of simple burglary in March 1977. Therefore, the trial court should impose sentence on defendant as a fourth offender in accordance with La. R.S. 15:529.1(A)(1)(c)(i), which states that the defendant "shall be sentenced to imprisonment for the fourth or subsequent felony for a determined term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." Applying this formula to the prescribed sentence for distribution of cocaine under La. R.S. 40:967(B)(4)(b), the sentencing range for defendant as a fourth felony offender is 30 years to life at hard labor, without benefit of probation or suspension of sentence.[1]

ERROR PATENT
Our error patent review of the record reveals that the trial court failed to advise defendant at sentencing that he has two years from the time of his conviction and sentence to seek post-conviction relief as required by La. C. Cr. P. art. 930.8. Although the trial court did inform defendant at the time of his first sentencing hearing, La. C. Cr. P. art. 930.8 requires the trial court inform defendant of this at sentencing. The statute contains supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. Furthermore, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for re-sentencing. State v. Ferrell, 26,649 (La.App.2d Cir.12/07/94), 647 So.2d 427. Because the case is being remanded for a new sentence, this issue is moot. Even so, we now advise defendant *955 by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. P. arts. 914 or 922. Otherwise, no errors patent were revealed.

CONCLUSION
For the foregoing reasons, we vacate the defendant's sentence and remand this matter for re-sentencing in accordance with this court's order.
VACATED AND REMANDED.
NOTES
[1] The sentencing provisions of La. R.S. 40:967(B)(4)(b) state that only the first two years of defendant's sentence must be served without benefit of parole, probation, or suspension of sentence. According to La. R.S. 15:529.1(G), all sentences imposed under this provision must be imposed without benefit of probation or suspension of sentence. Although La. R.S.15:574.4(A)(1) states that sentence must be imposed on fourth felony offenders without the benefit of parole, the Louisiana Supreme Court has consistently held that when a defendant is sentenced under a statute that contains no prohibition of parole, the district court must sentence the defendant to a term that does not include such a prohibition because parole eligibility under La. R.S. 15:574.4 is to be determined by the Department of Corrections. State ex rel. Porter v. State, 2004-2080 (La.11/28/05), 916 So.2d 123; State v. Hotard, XXXX-XXXX (La.10/15/04), 885 So.2d 533, 533-534; St. Amant v. 19th Judicial District Court, 94-0567 (La.09/03/96), 678 So.2d 536.